IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TABINDA SARFRAZ, | ) | Case No. 17-12840-KHK |
| | ) | Chapter 7 |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| IFTAKHAR KHAN, | ) | Adversary Pro. No. 17-01123-KHK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TABINDA SARFRAZ, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

**MOTION TO DISMISS COMPLAINT**

COMES NOW, Defendant, Tabinda Sarfraz ("Sarfraz"), by counsel, and pursuant to Fed. R. Bankr. P. 7012(b) states the following in support of her Motion to Dismiss Complaint filed by Plaintiff, Iftakhar Khan ("Khan") and asks that the Court dismiss this adversary proceeding with prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**INTRODUCTION**

Khan alleges a total of five counts against Sarfraz claiming that the debt owed to him is nondichargeable pursuant to 11 U.S.C. §523(a)(2)(A) and that Sarfraz's discharge should be denied pursuant to 11 U.S.C. 727(a)(4)(A), 727(a)(2)(A), 727(a)(3) and 727(a)(5).

Jonathan B. Vivona, Esquire
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia  22314
(Tel) 703-739-1353
(Fax) 703-337-0490
*Counsel for Tabinda Sarfraz*

Khan's Complaint, however, simply alleges various violations of a promissory note and two (2) security agreements entered into between the parties. These factual allegations do not give rise to a cause of action for nondischargeability of a debt or denial of Sarfarz's discharge, and are more appropriately categorized as standard breach of contract claims which are routinely discharged in bankruptcy.

## STATEMENT OF ALLEGED FACTS

Khan alleges that on December 19, 2015, the parties entered into a Confessed Judgment Promissory Note in which Sarfraz promised to pay Khan the principal sum of One Hundred Fifty Thousand Dollars ($150,000.00) prior to June 19, 2016. Complaint ¶11. Khan avers that the parties intended for the loaned funds to be used by Sarfraz to obtain a business in Springfield, Virginia. Complaint ¶15. Kahn further alleges that the parties entered into two separate Security Agreements on December 19, 2015, with the intention that the loan be collateralized by all personal property of the business. Complaint ¶16, ¶17. Based upon the Complaint, however, the purchase of the business never occurred because "the negotiations for the intended business property failed." Complaint ¶20.

Khan avers that instead of repaying the loan, Sarfraz disbursed all loan proceeds between April 29, 2016 and February 21, 2017, either for her benefit or the benefit of her immediate family members, "but without regard for the requirements included in Security Agreement Number 2". Complaint ¶22. Khan avers that "these actions of the Debtor in inducing the Plaintiff to enter into [the] Note, including but not limited to the execution of Security Agreement Number 2, were based upon false representations or actual fraud upon which the Plaintiff relied to his detriment. Complaint ¶25.

**STANDARD OF REVIEW**

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive a Bankruptcy Rule 7012(B)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Meredith v. Wells Fargo Bank, N.A.* (*In re Meredith*), Case No. 10-32366-KRH, Adv. Pro No. 14-03123-KRH (Bankr. E.D.Va. 2014) *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded factual allegations as truthful. *Id*. at 555. The facts presented need to demonstrate that the plaintiff's claims are not simply conceivable or possible, but *plausible. Id*. (emphasis added). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 545; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the standard for the complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The court need not accept as true allegations that are conclusory in nature or lack factual support, unwarranted deductions of fact, arguments asserted in the complaint, or unreasonable inferences. *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**ARGUMENT**

I. **COUNT I – Nondischargeability Pursuant to Section 523(a)(2)(A)**

The Complaint fails to state a claim for nondischargeability of a debt pursuant to 11 U.S.C. 523(a)(2)(A) because Khan has not made any factual allegations that Sarfraz obtained money, property, services or credit from him through false statements, omissions or actual fraud.

For a claim of nondischargeability under §523(a)(2)(A) to be viable, Sarfraz must have intended to breach the note and security agreements at the time she obtained the loan from Khan. Otherwise, she could not have fraudulently "obtained money, property, services or credit from him" as required by the statute. The Complaint fails to state that this occurred for the following reasons:

1) Khan does not identify any representations made by Sarfraz to obtain the funds, or any other property or services from him at any time;

2) Khan's only claims are for "violations" of the alleged promissory note and security agreement and are standard breach of contract claims;

3) Khan does not identify any representations that Sarfraz made to him prior to December 19, 2015 upon which he relied in making the loan. The allegations against Sarfraz relate exclusively to actions and events which occurred after Khan made the loan.

4) The business deal which Sarfraz was supposed to enter into using the loan proceeds did not move forward because "negotiations for the intended business property failed." This was an unexpected event outside of Sarfraz's control.

Khan's allegations arise from a loan that he made to Sarfraz to purchase a business. The sale of this business fell through and Sarfraz gave her best efforts to make whatever repayments she could to Khan and his agents, which he has declined to credit toward the loan.

## II.    COUNT II – Objection to Discharge Pursuant to Section 727(a)(4)(A)

Khan asserts that Sarfraz's discharge should be denied because she "knowingly and fraudulently, in or in connection with the case…made a false oath or account" pursuant to 11 U.S.C.

§727(a)(4)(A). Considering that fraud must be pled with particularity, the allegations contained in Count II fall well short of stating a claim for which relief may be granted. Aside from reciting the statute, Khan does not allege any facts which demonstrate Sarfraz made statements that she knew to be false or that she made in a fraudulent manner. As an example, Khan states in Paragraph 39 that "all of the Debtor's testimony at the 341 hearing was under oath" but does not identify what exactly Sarfraz said at the 341 meeting.

Further, Count II of the Complaint focuses more on the fact that Sarfraz made payments to family members and sought to avoid litigation in the Circuit Court of Fairfax County than any statements made by her. First, any statements made in the Fairfax County civil case were not made "in connection with the [bankruptcy] case," as required under 11 U.S.C. §727(a)(4)(A). Secondly, Sarfraz's alleged avoidance of litigation in the Fairfax County civil case is not tantamount to the giving of a "false oath or account."

When the Complaint does allege certain statements have been made, they are simply legal positions and not factual statements, or are inconsequential errors. Sarfraz's statement that she is "not personally liable for the funds loaned by the Plaintiff" or that certain parties were "agents" of Khan are legal positions not factual statements. At most, these statements might demonstrate that Sarfraz took legal positions with which Khan disagreed or that she had misconceptions of the law.

Count II fails to state a claim upon which relief may be granted because the Complaint fails to allege any knowingly false claims made by Sarfraz or that she had any fraudulent intent in making statements in connection with the bankruptcy case.

### III. COUNT III – Objection to Discharge Pursuant to Section 727(a)(2)(A)

Count III of the Complaint fails to state a claim upon which relief may be granted because it is little more than a recitation of 11 U.S.C. §727(a)(2)(A). Khan does not identify any transfers made by Sarfraz within one year of the filing of the petition, nor does he provide a rationale for why any transfers made by Sarfraz were fraudulent.

Khan fails to identify the type of property he claims was transferred, the date it was transferred or to whom it was transferred. The only paragraph in Count III which contains any statement purporting to be fact is Paragraph 51, which states that "[t]he bank records referred to above and from which the loan proceeds were disbursed reflect actions of the Debtor that were done with the intent to hinder, delay or defraud the Plaintiff."

Count III fails to identify the transfers to which Khan is referring and does not state any of the circumstances giving rise to the transfers which would make them fraudulent. Even if any transfers had been identified, Khan has not provided any factual support for a claim that any such transfers were made with the "intent to hinder, delay or defraud a creditor." 11 U.S.C. §727(a)(2)(A).

At most, Sarfraz erred in trusting Khan's agents and intermediaries upon whom she relied in directing her to make payments associated with the transaction. This does not amount to fraud.

### IV. COUNT IV – Objection to Discharge Pursuant to Section 727(a)(3)

Khan fails to state a claim upon which relief may be granted in Count IV because he has not provided any factual support for his claim that Sarfraz improperly failed to keep or preserve documents pursuant to 11 U.S.C. §727(a)(3)(A). The Complaint does not identify any

"recorded information" which Sarfraz had in her possession at any time. With respect to the cash repayments of the loan to Khan or agents of Khan, it is self-evident that Sarfraz was never in possession of any record of these transactions. Otherwise, she would have produced such records.

Furthermore, Sarfraz produced numerous bank statements and financial documents to Khan in the lawsuit in the Fairfax County Circuit Court with respect to her financial condition and loan payments. Sarfraz also adhered to all requests made by the Chapter 7 Trustee in connection with the bankruptcy case.

### V.     COUNT V – Objection to Discharge Pursuant to Section 727(a)(5)

Khan fails to state a claim upon which relief may be granted pursuant to 11 U.S.C. §727(a)(5). As stated above, Sarfraz adhered to all requests made by the Chapter 7 Trustee and responded to all questions the Trustee asked her at the 11 U.S.C. §341 meeting of the creditors. Sarfraz's meeting was continued once so that the Chapter 7 Trustee could gather any relevant documents and information and conduct a thorough examination of Sarfraz. Counsel for Khan also attended both meetings and Sarfraz provided answers to questions from Khan's counsel and the Trustee.

Sarfraz provided an exhibit to her Statement of Financial Affairs which states all transfers that she made within two years (2) preceding the bankruptcy case, and accounts for the payments she made to Khan and Khan's agents, as well as to friends and family members from whom she borrowed money to repay Khan and to preserve the opportunity to purchase the business.

Sarfraz explained these payments to the satisfaction of the Trustee and Khan had ample opportunity to present information which cast doubt upon these transactions. Count V of the Complaint should be dismissed.

## **CONCLUSION**

As stated above, the Court need not accept as true allegations that are conclusory in nature or lack factual support, unwarranted deductions of fact, arguments asserted in the complaint, or unreasonable inferences. *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The Complaint lacks factual allegations which demonstrate a fraudulent intent on Sarfraz's part or that allege any cause of action other than a breach of the note and security agreements. As a result, the Complaint fails to state a claim upon which relief may be granted and should be dismissed with prejudice.

WHEREFORE the Defendant, Tabinda Sarfraz respectfully requests this Court dismiss with prejudice Plaintiff, Iftakhar Khan's Complaint for Determination of Dischargeability and Objection to Debtor's Discharge Pursuant to Sections 523 and 727 of the Bankruptcy Code.

                                                TABINDA SARFRAZ
                                                By Counsel

JONATHAN B. VIVONA, PLC

  /s/ Jonathan B. Vivona
JONATHAN B. VIVONA, ESQUIRE
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone Number: (703) 739-1353
Fax Number: (703) 337-0490
vivonalaw@gmail.com
*Counsel for Tabinda Sarfraz*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 20th day of December, 2017 a true copy of the foregoing Motion to Dismiss Complaint was served electronically pursuant to this Court's CM/ECF procedures on: Martin R. Mann, Esquire, 211 Park Avenue, Falls Church, Virginia 22046.

                                               /s/ Jonathan B. Vivona
                                             JONATHAN B. VIVONA

.