0IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TABINDA SARFRAZ, | ) | Case No. 17-12840-KHK |
| | ) | Chapter 7 |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| IFTAKHAR KHAN, | ) | Adversary Pro. No. 17-01123-KHK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TABINDA SARFRAZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendant, Tabinda Sarfraz ("Sarfraz"), by counsel, and files the following Answer to the Amended Complaint filed by Plaintiff, Iftakhar Khan ("Khan").

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. The allegations contained in Paragraph 7 are conclusions of law to which no response is required. To the extent a response is required these allegations are denied.

Jonathan B. Vivona, Esquire
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia  22314
(Tel) 703-739-1353
(Fax) 703-337-0490
*Counsel for Tabinda Sarfraz*

8. The allegations contained in Paragraph 8 are conclusions of law to which no response is required. To the extent a response is required these allegations are denied.

## PARTIES

9. Sarfraz lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9 and therefore denies them.

10. Admitted.

## BACKGROUND AND PLAINTIFF'S STATE COURT PROCEEDINGS AGAINST THE DEBTOR

11. Sarfraz admits that she borrowed $150,000.00 from Khan. However, she denies signing all documents pertaining to the loan because they were presented to her in a disorganized manner. The loan documents were signed by her and Khan before a notary at a bank on December 19, 2015, the day after she actually received the check from Khan which is dated December 18, 2015. Sarfraz does not recall seeing the first page of the Confessed Judgment Promissory Note. Safraz further denies that any loan documents were prepared at her request. Sarfraz denies the remaining allegations of Paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

16. Sarfraz admits that she borrowed $150,000.00 from Khan. However, she denies signing all documents pertaining to the loan because they were presented to her in a disorganized manner. The loan documents were signed by her and Khan before a notary at a bank on December 19, 2015, the day after she actually received the check from Khan which is dated December 18, 2015. Sarfraz does have some recollection of certain pages of the document

identified in Paragraph 16. However, Sarfraz denies that any loan documents were prepared at her request or that she retained any originals. Sarfraz denies the remaining allegations of Paragraph 16.

17. Sarfraz admits that she borrowed $150,000.00 from Khan. However, she denies signing all documents pertaining to the loan because they were presented to her in a disorganized manner. The loan documents were signed by her and Khan before a notary at a bank on December 19, 2015, the day after she actually received the check from Khan which is dated December 18, 2015. Sarfraz does have some recollection of certain pages of the document identified in Paragraph 17. However, Sarfraz denies that any loan documents were prepared at her request or that she retained any originals. Sarfraz denies the remaining allegations of Paragraph 17.

18. Sarfraz admits that she executed the six (6) checks drawn on her personal, joint account with her sister and mother, Tahira Sarfraz and Farzana Kousar at PNC Bank. Sarfraz denies that she wrote these six (6) checks from the Tahera B's Hookah Lounge, LLC business account at PNC Bank where the funds were deposited and to whom the check was made.

19. Sarfraz admits that Khan cashed the interest checks dated February 1, 2016, March 1, 2016 and April 1, 2016. Sarfraz denies that these were the only repayments to Khan for the sums due on the Note.

20. Sarfraz admits that she transferred the loan proceeds to an account at Bank of America. Sarfraz denies that she violated the alleged security agreement referred to as "Security Agreement Number 2". The $150,000.00 check from Khan was made out to Tahera B's Hookah Lounge, LLC while the checks Sarfraz wrote contemporaneously were made from a personal, joint

account with her sister and mother. Thus, the parties' never intended for the funds to remain in the business account or for Khan to be repaid from the business account.

21. Sarfraz admits that she obtained a cashier's check payable to herself on April 29, 2016 in the amount of $150,000.00 which she later deposited into her Apple Federal Credit Union Account on June 6, 2016. Sarfraz's intent was to provide these funds to Khan once he and Mian Amir returned the cash that she paid Amir in connection with the loan transaction and business purchase as well as the checks that she wrote to Khan. In fact, the very same day, shortly before obtaining this cashier's check, Sarfraz obtained a cashier's check payable to Iftakhar Khan that she intended to give to Mian Amir upon receipt of the items. However, when she met with Mian Amir at the bank he did not have the cash or checks. Sarfraz refused to give Amir the check at that time but told Amir that as long as the items were returned to her she would give the $150,000.00 back to Khan. She waited until June 2016 for these items to be returned. However, when Khan attempted to deposit the June 1, 2016 interest check, she knew that neither Khan nor Amir had any intent of returning the checks or cash to her, and she deposited the $150,000.00 in the Apple Federal Credit Union account. The remaining allegations of Paragraph 21 are denied.

22. Sarfraz admits that all funds were disbursed from the Apple Federal Credit Union Account. Sarfraz denies the remaining allegations of Paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Admitted.

27. Sarfraz admits that the Fairfax County Circuit Court case was set for trial and that Khan did not obtain a confessed judgment. Sarfraz denies the remaining allegations of Paragraph 27.

28. Sarfraz is without sufficient knowledge to admit or deny the allegations contained in Paragraph 28 and therefore denies them.

29. Sarfraz admits that the Fairfax County action was set for jury trial and that she filed the bankruptcy petition on August 19, 2017. Sarfraz denies the remaining allegations contained in Paragraph 29.

## COUNT I
## NONDISCHARGEABILITY OF PLAINTIFF'S CLAIM
## UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

30. Sarfraz incorporates herein by reference her responses to the preceding Paragraphs 1 through 29 of the Answer.

31. Bankruptcy Code §523(a)(2)(A) speaks for itself. To the extent the allegations contained in Paragraph 31 differ from 11 U.S.C. §523(a)(2)(A) they are denied.

32. The allegations contained in Paragraph 32 are conclusions of law to which no response is required. To the extent a response is required these allegations are denied.

33. Sarfraz admits that she executed the six (6) checks drawn on her personal, joint account with her sister and mother, Tahira Sarfraz and Farzana Kousar. Sarfraz denies the remaining allegations of Paragraph 33, specifically that she prepared the document identified as Security Agreement Number 2.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**PRAYER FOR RELIEF**

Sarfraz denies that Khan is entitled to any of the relief requested, including without limitation any judgment for damages, a determination that the debt owed to Khan is nondischargeable, or a judgment denying her discharge

**COUNT II**
**OBJECTION TO DEBTOR'S DISCHARGE**
**UNDER SECTION 727(a)(4)(a) OF THE BANKRUPTCY CODE**

43. Sarfraz incorporates herein by reference her responses to the preceding Paragraphs 1 through 42 of the Answer.

44. Bankruptcy Code §727(a)(4)(A) speaks for itself. To the extent the allegations contained in Paragraph 44 differ from 11 U.S.C. §727(a)(4)(A) they are denied.

45. Sarfraz admits that her testimony at the 341 meeting was under oath. Sarfraz denies that she knowingly or fraudulently made any false oath or account at the 341 meeting.

46. Sarfraz admits that Tahera B's Hookah Lounge, LLC was established on November 11, 2015 and that she was President of this entity. Sarfraz shall amend her bankruptcy petition and schedules accordingly. Sarfraz denies that she knowingly or fraudulently made any

false oath or account on her bankruptcy schedules and denies the remaining allegations of Paragraph 46.

47. Sarfraz admits that she has denied seeing the first page of the document identified by Khan as the Confessed Judgment Promissory Note. Sarfraz lacks sufficient knowledge to admit or deny the allegations concerning legal positions taken in her civil case in Fairfax County and therefore denies them. Sarfraz denies the remaining allegations contained in Paragraph 47.

48. Sarfraz listed Khan's claim on Schedule E/F of her bankruptcy filing. Sarfraz disputes Khan's claim and alleges a counterclaim against him thus she listed the amount owed as $0.00. Sarfraz shall amend her bankruptcy petition and schedules to state the amount alleged to be owed and clarify that this is a disputed claim. Sarfraz denies that she knowingly or fraudulently made any false oath or account on her bankruptcy schedules and denies the remaining allegations of Paragraph 48.

49. Sarfraz admits that she listed several payments in Exhibit "A" to Question 18 of her Statement of Financial Affairs and that some of these payments were made in cash. Sarfraz denies that she knowingly or fraudulently made any false oath or account on her bankruptcy schedules and denies the remaining allegations of Paragraph 49.

50. Denied.

51. Denied.

52. Denied. Sarfraz denies that any payments made to her family members or agents of Khan were gifts, and instead asserts that they were loan repayments.

53. Denied.

**PRAYER FOR RELIEF**

Sarfraz denies that Khan is entitled to any of the relief requested, including without limitation any judgment for damages, a determination that the debt owed to Khan is nondischargeable, or a judgment denying her discharge.

**COUNT III**
**OBJECTION TO DEBTOR'S DISCHARGE**
**UNDER SECTION 727(a)(2)(A) OF THE BANKRUPTCY CODE**

54. Sarfraz incorporates herein by reference her responses to the preceding Paragraphs 1 through 53 of the Answer.

55. Bankruptcy Code §727(a)(2)(A) speaks for itself. To the extent the allegations contained in Paragraph 55 differ from 11 U.S.C. §727(a)(2)(A) they are denied.

56. Denied.

57. Denied.

**PRAYER FOR RELIEF**

Sarfraz denies that Khan is entitled to any of the relief requested, including without limitation any judgment for damages, a determination that the debt owed to Khan is nondischargeable, or a judgment denying her discharge.

**COUNT IV**
**OBJECTION TO DEBTOR'S DISCHARGE**
**UNDER SECTION 727(a)(3) OF THE BANKRUPTCY CODE**

58. Sarfraz incorporates herein by reference her responses to the preceding Paragraphs 1 through 57 of the Answer.

59. Bankruptcy Code §727(a)(3) speaks for itself. To the extent the allegations contained in Paragraph 59 differ from 11 U.S.C. §727(a)(3) they are denied.

60. Denied.

61. Denied.

**PRAYER FOR RELIEF**

Sarfraz denies that Khan is entitled to any of the relief requested, including without limitation any judgment for damages, a determination that the debt owed to Khan is nondischargeable, or a judgment denying her discharge.

**COUNT V**
**OBJECTION TO DEBTOR'S DISCHARGE**
**UNDER SECTION 727(a)(5) OF THE BANKRUPTCY CODE**

62. Sarfraz incorporates herein by reference her responses to the preceding Paragraphs 1 through 61 of the Answer.

63. Bankruptcy Code §727(a)(5) speaks for itself. To the extent the allegations contained in Paragraph 63 differ from 11 U.S.C. §727(a)(5) they are denied.

64. Denied.

**PRAYER FOR RELIEF**

Sarfraz denies that Khan is entitled to any of the relief requested, including without limitation any judgment for damages, a determination that the debt owed to Khan is nondischargeable, or a judgment denying her discharge.

WHEREFORE, having answered Plaintiff, Iftakhar Khan's Amended Complaint, Defendant, Tabinda Sarfraz respectfully request that the Court enter an order dismissing Plaintiff's Amended Complaint with prejudice and award Defendant such other and further relief as the Court deems just and proper.

TABINDA SARFRAZ
By Counsel

JONATHAN B. VIVONA, PLC


___/s/ Jonathan B. Vivona_____
JONATHAN B. VIVONA, ESQUIRE
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone Number: (703) 739-1353
Fax Number: (703) 337-0490
vivonalaw@gmail.com
*Counsel for Tabinda Sarfraz*


## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2018 a true copy of the foregoing Answer was served electronically pursuant to this Court's CM/ECF procedures on: Martin R. Mann, Esquire, 211 Park Avenue, Falls Church, Virginia 22046.

_____/s/ Jonathan B. Vivona_____
JONATHAN B. VIVONA

.